PAGE NELSON FOSTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foster v. Commissioner
Docket No. 14279-80.
United States Tax Court
T.C. Memo 1981-555; 1981 Tax Ct. Memo LEXIS 195; 42 T.C.M. (CCH) 1240; T.C.M. (RIA) 81555; September 28, 1981. *195 Page Nelson Foster, pro se. Arthur Oshiro, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 387 and an addition to tax under section 6653(a) [1] in the amount of $ 19.35 in petitioner's Federal income tax for 1978. The only issue for decision is whether petitioner is entitled to deduct $ 3,200.78 "based upon his belief that he was not obligated legally to support government projects which violated the free exercise of his religious convictions or international law." All the facts are stipulated. Petitioner, a teacher by profession, was a legal resident of Honolulu, Hawaii, when he filed his petition. On his income tax return for 1978, petitioner claimed a deduction in the amount of $ 3,220.78 which he labeled "Legal deduction." At the trial, petitioner explained that he claimed the $ 3,220.78 deduction on the ground that Congress has levied and collected taxes for the purpose of preparing for aggressive strategic warfare. While he acknowledges congressional authority *196 to levy taxes for the general welfare and the national defense, he argues that "in 1978 the Department of Defense was pursuing a strategy to progressive nuclear war." To compel him to pay taxes to support such military programs, he maintains, violates either the free exercise of his religious convictions or international law. Arguments similar to the ones advanced by petitioner have been made and rejected repeatedly. Thus, in , cert. denied , the court said: * * * we hold that nothing in the Constitution prohibits the Congress from levying a tax upon all persons, regardless of religion, for support of the general government. The fact that some persons may object, on religious grounds, to some of the things the government does is not a basis on which they can claim a constitutional right not to pay a part of the tax. * * * To the same effect with respect to preparations for allegedly aggressive and illegal war as a violation of the Treaty of London and the Nuremberg Principles, see , affg. a Memorandum Opinion *197 of this Court. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩